IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA,           )<br>                                                          )<br>             Plaintiff,                         )<br>                                                          )<br>             v.                                       )<br>                                                          )<br>ROSA LINDA MEYER a/k/a ROSA  )<br> LINDA HERNANDEZ d/b/a SU CASA )<br> INCOME TAX SERVICE; and            )<br>STANLEY MEYER d/b/a ITAX SERVICES;  )<br>                                                          )<br>             Defendants.                      )<br>_____) | Case No. |

**COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

The United States of America, at the request of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. § 7401, brings this action for a permanent injunction barring defendant Rosa Linda Meyer, a/k/a Rosa Linda Hernandez, and any entity owned or operated by her and anyone in active concert or participation with her, from acting as a federal tax return preparer and from engaging in conduct subject to penalty under the Internal Revenue Code ("I.R.C.") (26 U.S.C.).  The United States also brings this action against Stanley Meyer for a permanent injunction specifically barring Mr. Meyer from assisting or acting in concert with Ms. Meyer to prepare or file federal income tax returns, or otherwise assisting Rosa Linda Meyer in acting as a federal tax return preparer.

**Jurisdiction and Parties**

1. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1340 and 1345 and I.R.C. §§ 7402(a) and 7407.

2. Rosa Linda Meyer, a/k/a Rosa Linda Hernandez, and her husband Stanley Meyer reside in Holt, Michigan, within this judicial district, and a substantial part of the activities giving rise to this suit took place in this district.

3. Rosa Linda Meyer is a tax return preparer who has been preparing tax returns since at least 2000.

4. From 2000 through at least 2017, Rosa Linda Meyer prepared returns through Su Casa Income Tax Service, a sole proprietorship.

5. Stanley Meyer is employed as a W-2 employee in information technology.  Upon information and belief, Stanley Meyer has been preparing tax returns in concert with Rosa Linda Meyer beginning no later than 2017.

6. iTax Services is a tax preparation business owned by Stanley Meyer.  iTax Services appears to be a sole proprietorship.

**Defendants' Tax Preparation Activities**

7. The Internal Revenue Service (IRS) has issued Rosa Linda Meyer and Stanley Meyer each a Preparer Tax Identification Number (PTIN) and an Electronic Filing Identification Number (EFIN).  A PTIN is an identification number that the IRS assigns to individuals who prepare returns for others for compensation.  An EFIN is an identification number assigned by the Internal Revenue Service to preparers who are accepted into the IRS's e-file program

8. According to IRS records, Rosa Linda Meyer's PTIN was used to file 928 individual tax returns in 2012; 987 individual tax returns in 2013; 1001 individual tax returns tax returns in 2014; 987 individual tax returns in 2015; 708 individual tax returns in 2016; and 558 individual tax returns in 2017.

9. According to IRS records, from 2018-2019, Rosa Linda Meyer's PTIN was used to file at least 32 tax returns.

10. According to IRS records, Stanley Meyer's PTIN was used to file 513 individual tax returns in 2018, 412 individual tax returns in 2019, and 363 individual tax returns in 2020.

**Defendants' False and Fraudulent Tax Return Preparation Schemes and Practices**

11. In October 2014, the Internal Revenue Service began an investigation into the returns that Rosa Linda Meyer prepared for her customers.

12. As part of the investigation, the IRS examined 142 tax returns prepared by Rosa Linda Meyer for the 2014 processing year (i.e., 2013 tax returns). The examinations resulted in total tax deficiencies of $714,215, with an average deficiency of $5,030 per return.

13. Of the 142 examined returns, at least 35 tax returns were closed as "Agreed." The agreed examinations resulted in $141,331 of tax deficiencies for an average deficiency of $4,038 for each agreed examination.

14. The IRS investigation revealed that many of the individual tax returns that Rosa Linda Meyer prepared made false and fraudulent claims, including: 1) false or inflated dependency exemptions and related false or inflated child tax credits; 2) false head of household filing status resulting in a lower tax due (and higher refund); and 3) fictitious or inflated earned income, in order to allow the taxpayer to falsely claim the Earned Income Tax Credit ("EITC") or to claim an inflated EITC.

15. Overall, the Internal Revenue Service's interviews of Rosa Linda Meyer's clients in connection with its investigation revealed an error rate of 90% on the returns.

16. In connection with her preparation activities and in violation of the Internal Revenue Code and accompanying regulations, Rosa Linda Meyer used Form 8888, Allocation of Refund,

to improperly divert to her personal account, without her customers' knowledge or consent, portions of her customers' refunds.

**Notice to Ms. Meyer and Defendants' Attempts to Mislead the IRS**

17. The IRS has sent Rosa Linda Meyer several warnings about problems with her tax preparation activities. As early as 2010, the IRS sent Rosa Linda Meyer a Letter 4833, which alerts tax preparers that they have prepared a large number of returns containing apparent errors involving the EITC. The letter warns the preparer that the IRS may monitor the returns they prepare and conduct follow up examinations.

18. In December 2013, the IRS sent Rosa Linda Meyer a Letter 5272, which addresses a return preparer's knowledge and due diligence responsibilities related to preparing returns claiming the Additional Child Tax Credit.

19. In December 2015, the IRS advised Rosa Linda Meyer it was conducting a return-preparer investigation of her.

20. Despite these warnings, Rosa Linda Meyer continued to prepare false and fraudulent tax returns.

21. Rather than cease her tax preparation activities in response to the IRS's investigation, Rosa Linda Meyer has continued her tax preparation schemes in concert with Stanley Meyer beginning on or about 2018, by nominally transferring the tax preparation business to him, using the trade name iTax Services.

22. Many clients from Rosa Linda Meyer's business, Su Casa Income Tax, now have their returns prepared by iTax Services. At least some of these clients have submitted returns that used the same schemes employed by Rosa Linda Meyer and Su Casa Income Tax.

23. Rose Linda Meyer has represented, through counsel, that she "has been out of the business of preparing tax returns and has not prepared a tax return since the automobile accident that caused her traumatic brain injury in June of 2017." She further represented that "because of her brain injury, she is unable to prepare even the simplest tax return, and she has no plan to prepare returns ever again."

24. Rosa Linda Meyer has engaged in tax preparation activities since June 2017 using both her own PTIN and her husband Stanley Meyer's PTIN.

25. At least 32 tax returns were filed using Rosa Linda Meyer's PTIN after June 2017. At least one return was hand signed by Ms. Meyer on May 17, 2018.

26. Stanley Meyer's PTIN was used to file 513 individual tax returns in 2018, 412 individual tax returns in 2019, and 363 individual tax returns in 2020.

27. As discussed below and upon information and belief, Rosa Linda Meyer prepared the returns of several taxpayers whose returns were filed using Stanley Meyer's PTIN in 2018-2020.

28. The IRS's ITIN Policy Section ("IPS") received a complaint regarding Stanley Meyer and iTax Services in March 2018.

29. On or about March 26, 2018, the Chief of IPS spoke with Stanley Meyer by phone, during which conversation Mr. Meyer represented that he had not yet submitted any tax returns.

30. A subsequent review of IRS records revealed that, as of March 26, 2018, at least 354 tax returns had been submitted using Stanley Meyer's PTIN.

### Examples of Preparer Misconduct by Rosa Linda Meyer

31. From at least 2012 to the present, Rosa Linda Meyer reported false or inflated dependency exemptions and excessive child tax credits and false filing statuses.

32. Rosa Linda Meyer often claimed as dependents persons who were unrelated to the taxpayer or for whom the taxpayer did not provide more than 50% of their living expenses.

33. She also often claimed head of household filing status for taxpayers whose purported dependents lived in a different country, despite the requirement that for a taxpayer to claim head of household status the qualifying dependents must have lived in the taxpayer's home for more than six months of the year.

34. Rosa Linda Meyer prepared the 2013 individual federal income tax return for Customer No. 1, which was examined by the IRS.  The tax return claimed head of household filing status and four dependency exemption deductions and related child tax credits.  The dependents did not live with Customer No. 1; they lived in Mexico and did not otherwise qualify for the dependency exemptions or child tax credits.  On information and belief, Customer No. 1 told Rosa Linda Meyer that the dependents lived in Mexico.  Customer No. 1 agreed to a $4,619.00 deficiency in income tax due for taxable year 2013.

35. Rosa Linda Meyer prepared the 2013 individual federal income tax return for Customer No. 2, which was examined by the IRS.  The 2013 tax return claimed six dependency exemptions and related child tax credits.  Four of the claimed dependents did not live with Customer No. 2; they lived in Mexico and did not otherwise meet the test for the dependency exemption.  Customer No. 2 stated that he told Rosa Linda Meyer that those dependents lived in Mexico.  Customer No. 2 agreed to a $3,892 deficiency in income tax due for taxable year 2013.

36. Rosa Linda Meyer prepared the 2011 through 2015 individual federal income tax returns for Customer No. 3.  Each of those returns claimed child tax credits and earned income tax credits.  The dependents for which the child tax credits were claimed on those returns were not related to Customer No. 3 by blood, marriage, or adoption, and therefore the claimed child tax

credits were not allowable. The returns also imputed fictitious wages to Customer No. 3 in order to claim fraudulent EITC. The IRS determined the following deficiencies on these returns: $2,846 for 2011; $5,839 for 2012; $6,236 for 2013; $3,155 for 2014; and $8,157 for 2015.

37. Rosa Linda Meyer prepared the 2011 through 2014 returns of Customer No. 4. Each of those returns claimed child tax credits and earned income tax credits. Customer No. 4 did not provide more than 50% of the support for the claimed dependents, and therefore was not eligible for child tax credits. The returns also imputed fictitious wages to Customer No. 4 in order to claim fraudulent EITC. The IRS determined that these returns had the following deficiencies: $3,859 for 2011; $5,856 for 2012; $7,239 for 2013; and $7,064 for 2014.

38. Rosa Linda Meyer prepared the 2015 individual income tax return of Customers No. 5 and 6. The return was prepared after Rosa Linda Meyer received notice of the IRS preparer investigation. The return omitted $12,500 of self-employment earnings. Rosa Linda Meyer was aware of at least $9,000 of the omitted self-employment earnings because she employed Customer No. 6 (as a nanny and receptionist) and she took deductions on her personal return for the payments made to Customer No. 6. The return also claimed EITC benefits for the son and daughter of Customer No. 5 and 6, who Meyer knew were both too old to be qualifying children for the EITC. The IRS determined that the deficiency on the 2015 return of Customer No. 5 and Customer No. 6 was $7,193.

39. Rosa Linda Meyer prepared the 2013 individual income tax return of Customer No. 7. Customer No. 7's 2013 return claimed a $7,023 refund. Ms. Meyer had the total $7,023 refund from the 2013 return deposited into her own bank account. Ms. Meyer's banking information is used on the 2013 return instead of the customer's. Ms. Meyer claimed to the IRS that she kept the refund amount as an offset because Customer No. 7 owed her rent. Customer No. 7 stated

that she did not owe Rosa Linda Meyer $7,023 and that she did not know the refund amount was $7,023.

40. Rosa Linda Meyer prepared the 2013 individual income tax return of Customer No. 8. An examination of the return resulted in a deficiency of $4,665. The return claimed improper child tax credits for dependents living in Mexico. The taxpayer also did not provide proper substantiation to show that she provided more than 50% of the support for the dependents.

**Rosa Linda Meyer Continues Preparing Returns Under Stanley Meyer's Name and PTIN**

41. As discussed above, Rosa Linda Meyer claimed, through counsel, that she had not prepared a single tax return since an automobile accident in June 2017. The IRS's subsequent investigation of this claim has shown it to be false.

42. Customer No. 9's 2018 tax return stated that it had been prepared by Stanley Meyer on March 28, 2019. When interviewed by the IRS, Customer No. 9 stated that Rosa Linda Meyer, not Stanley Meyer, prepared his 2018 tax return. Customer No. 9 made an early withdrawal from his 401(k) of $323,728 during 2018. This withdrawal should have been subject to a 10% penalty ($32,373), but no 10% penalty was reported on the tax return nor paid by Customer No. 9.

43. Customer No. 10's 2013, 2014, 2015, and 2016 tax returns were prepared by Rosa Linda Meyer. Customer No. 10's 2017 and 2018 tax returns stated that they had been prepared by Stanley Meyer. When interviewed by the IRS, Customer No. 10 stated that she did not know who actually prepared her 2018 tax return, but both Stanley Meyer and Rosa Linda Meyer asked her questions during the return preparation. Customer No. 10's 2018 refund was diverted to an account controlled by the Meyers. The Meyers deducted $350 as fees from the refund but told Customer No. 10 that they charged her a fee of $150.

44. Customer No. 11's 2016 return was prepared by Rosa Linda Meyer. Her 2017 and 2018 returns stated that they had been prepared by Stanley Meyer. When interviewed by the IRS, Customer No. 10 stated that Rosa Linda Meyer prepared her 2017 and 2018 tax returns. She said she met with Rosa Linda Meyer and dropped off information regarding her 2017 and 2018 returns with Rosa Linda Meyer. When told that Stanley Meyer signed the returns, Customer No. 11 responded, "Who's that?" Customer No. 11 stated that she was told her refund fee was about $100. In fact, her refund was diverted to an account controlled by the Meyers, and they withheld $360 for fees. Customer No. 11 stated that she did not know that much had been deducted from her refund for fees.

45. Customer No. 12's 2017 and 2018 tax returns were signed by Stanley Meyer. When interviewed by the IRS, Customer No. 12 stated that she did not know who Stanley Meyer was and that she only interacted with Rosa Linda Meyer.

46. Stanley Meyer is listed as the preparer of the 2017 tax returns of Customer No. 13 and Customer No. 14, as married filing separately. Customer No. 13's return deducted seven dependent exemptions for dependents not living with Customer No. 13. Customer No. 14's return deducted five dependent exemptions for dependents not living with Customer No. 14. Customer No. 13 and Customer No. 14 had a combined net take home pay for 2017 of $72,672. While the IRS did not examine these returns, it is not plausible that Customer No. 13 and Customer No. 14 provided more than half the support for 12 persons on their net income.

### Harm to the United States

47. Defendants' customers have been harmed because they paid defendants fees to prepare proper tax returns but instead defendants prepared returns that substantially understated their correct tax liabilities.

48. The United States has been harmed financially, because it has not received taxes lawfully due and owing, and it may never be able to collect these liabilities.

49. Defendants further have harmed and continue to harm the United States because the Internal Revenue Service must devote some of its limited resources to investigating defendants' tax return preparation, including ascertaining their customers' correct tax liabilities, recovering any refunds erroneously issued, and attempting to collect any additional taxes and penalties. The IRS investigation into defendants' activities has thus reduced the resources that would otherwise be available to assist honest taxpayers.

50. In addition to the direct harm caused by preparing tax returns that understate customers' tax liabilities, defendants' activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

51. Defendants' actions also cause intangible harm to honest tax return preparers, because by preparing returns that falsely or fraudulently inflate their customers' refunds defendants gain an unfair competitive advantage over tax return preparers who do not do so.

52. Defendants also concealed the fact that Rosa Linda Meyer was surreptitiously preparing tax return using Stanley Meyer as the nominal preparer.

### Count I: Injunction Under 26 U.S.C. § 7407

53. The United States incorporates by reference the allegations in paragraphs 1 through 52.

54. Section 7407 authorizes a district court to enjoin a tax return preparer from engaging in conduct subject to penalty under 26 U.S.C. § 6694 or engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws.

55. Additionally, if the court finds that a return preparer has continually or repeatedly engaged in such conduct, and the court further finds that a narrower injunction prohibiting only the enumerated conduct would not be sufficient to prevent further interference with the proper administration of the internal revenue laws, the court may enjoin that person from further acting as a federal income tax return preparer.

56. Section 6694 imposes a penalty on any tax return preparer who (1) negligently understates a customer's tax liability due to unrealistic positions, or (2) willfully attempts to understate a customer's tax liability or recklessly or intentionally disregards the rules or regulations.

57. Rosa Linda Meyer has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694, by preparing federal tax returns that understated her customers' liabilities based on (1) unreasonable, unrealistic, or frivolous positions that she knew or reasonably should have known were unreasonable; (2) willful attempts to understate customers' tax liabilities; and (3) reckless or intentional disregard for the rules or regulations.

58. Stanley Meyer has continually and repeatedly acted as the nominal return preparer to conceal that Rosa Linda Meyer continued her return preparation activities after she represented to the United States that she no longer engages in such activities.

### Count II: Injunction under 26 U.S.C. § 7402(a)

59. The United States incorporates by reference the allegations in paragraphs 1 through 52.

60. Section 7402(a) of the I.R.C. authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

61. Rosa Linda Meyer and Stanley Meyer, through the actions described above, have engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

62. Unless enjoined, Rosa Linda Meyer is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws. Likewise, if Stanley Meyer is not enjoined from assisting or acting in concert with Rosa Linda Meyer in preparing tax returns, then he is likely to continue to act as the nominal return preparer for Ms. Meyer. If they are not so enjoined, the United States will suffer irreparable injury by wrongfully providing federal income tax refunds to individuals not entitled to receive them, as well as expending time and resources to identify the individuals, determine their proper federal tax liabilities, and recover the erroneous refunds from them, if possible.

63. Enjoining Rosa Linda Meyer is in the public interest because an injunction, backed by the Court's contempt powers if needed, will stop her illegal conduct and the harm it causes their customers, the public, and the United States.

64. Enjoining Stanley Meyer from assisting or acting in concert with Rosa Linda Meyer in preparing or filing tax returns is in the public interest because an injunction, backed by the Court's contempt powers if needed, will prohibit Stanley Meyer from acting as a nominal return preparer for Rosa Linda Meyer, and stop the harm her conduct causes her customers, the public, and the United States.

65. The harm that the United States and Rosa Linda Meyer's customers will suffer as a result of Rosa Linda Meyer continuing her fraudulent tax return activities outweighs any harm that might result from Rosa Linda Meyer being prohibited from continuing to engage in tax preparation activities and from Stanley Meyer being prohibited from assisting her in engaging in such activities.

66. Thus, the Court should impose injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, the United States of America prays for the following:

A.  That the Court find that Rosa Linda Meyer has continually and repeatedly engaged in conduct subject to penalty under I.R.C. § 6694; that, pursuant to I.R.C. § 7407, an injunction merely prohibiting conduct subject to penalty would be insufficient to prevent her interference with the proper administration of the tax laws; and that she should be permanently enjoined from acting as a tax return preparer;

B.  That the Court find that Rosa Linda Meyer and Stanley Meyer have interfered with the enforcement of the internal revenue laws and that injunctive relief is appropriate to prevent the recurrence of that conduct pursuant to I.R.C. § 7402(a) and under the Court's inherent equity powers;

C.  That this Court, pursuant to I.R.C. §§ 7402(a) and 7407, enter a permanent injunction enjoining Rosa Linda Meyer, her officers, agents, servants, employees, and attorneys, and anyone in active concert or participation with them, from directly or indirectly:

1. Preparing or assisting in the preparation or filing of federal tax returns, amended returns, and other federal tax documents and forms for anyone other than herself;

2. Advising, counseling, or instructing anyone about the preparation of a federal tax return;

3. Owning, managing, controlling, working for, or volunteering for an entity that is in the business of preparing federal tax returns or other federal tax documents or forms for other persons;

4. Providing office space, equipment, or services for, or in any other way facilitating, the work of any person or entity that is in the business of

13

      preparing or filing federal tax returns or other federal tax documents or forms for others or representing persons before the IRS;

5. Advertising tax return preparation services through any medium, including print, online, and social media;

6. Maintaining, assigning, holding, using, or obtaining a Preparer Tax Identification Number (PTIN) or an Electronic Filing Identification Number (EFIN);

7. Representing any person in connection with any matter before the IRS;

8. Employing any person to work as a federal tax return preparer;

9. Referring any person to a tax preparation firm or a tax return preparer, or otherwise suggesting that a person use any particular tax preparation firm or tax return preparer; and

10. Engaging in any conduct subject to penalty under 26 U.S.C. § 6694 or engaging in any other conduct that substantially interferes with the administration and enforcement of the internal revenue laws.

D. That the Court, pursuant to I.R.C. §§ 7402(a) and 7407, enter an order requiring Rosa Linda Meyer and Stanley Meyer to produce to counsel for the United States, within 30 days of the Court's order, a list that identifies by name, social security number, address, email address, and telephone number and tax period(s) all persons for whom they have prepared federal tax returns or claims for a refund, for tax years beginning in 2016 and continuing through this litigation;

E. That the Court, pursuant to I.R.C. §§ 7402(a) and 7407, enter an order requiring Rosa Linda Meyer and Stanley Meyer, within 30 days of receiving the Court's order, to contact by

email, if an email address is known, or otherwise by U.S. mail, all persons for whom they have prepared federal tax returns, amended tax returns, or claims for refund since January 2016, as well as all employees or independent contractors they have retained since January 2016, and to inform them of the permanent injunction entered against Rosa Linda Meyer and Stanley Meyer by sending each of them a copy of the order of permanent injunction, with no other text, enclosures, or attachments unless approved in writing by the Department of Justice;

      F.      That the Court, pursuant to I.R.C. §§ 7402(a) and 7407, enter an order requiring Rosa Linda Meyer and Stanley Meyer, within 45 days of receiving the Court's order, to file a declaration, signed under penalty of perjury, confirming that they each have received a copy of the Court's order and is in compliance with the terms described in Paragraphs C, D, and E of this Complaint;

      G.      That this Court permit the United States to conduct post-judgment discovery to ensure compliance with the permanent injunction;

      H.      That this Court retain jurisdiction over defendants and over this action to enforce any injunction entered against them; and

      I.      That this Court grant the United States such other and further relief as the Court deems appropriate.

      RICHARD E. ZUCKERMAN
      Principal Deputy Assistant Attorney General

      /s/ Robert J. Wille
      ROBERT J. WILLE JR
      Trial Attorney, Tax Division
      U.S. Department of Justice
      P.O. Box 55
      Washington, D.C.  20044
      202-514-5573 (v)
      202-514-5238 (f)
      Robert.J.Wille@usdoj.gov